WATTERSTON (BANK OF UNITED STATES v.). See Case No. 941.

WATTLES (DRAPER v.). See Case No. 4,073.

## Case No. 17,293.

### In re WATTS.

[3 Ben. 166;[1] 2 N. B. R. 447 (Quarto, 145); 2 Am. Law T. Rep. Bankr. 74.]

District Court, S. D. New York. March 10, 1869.

BANKRUPTCY PROCEEDING—AMENDMENT OF SCHEDULES—OPPOSITION TO DISCHARGE.

1. Where, on the examination of the bankrupt, a certain lease appeared to be the property of the bankrupt, which was not mentioned in the schedules attached to the bankrupt's petition, and he thereupon applied for leave to amend the schedules in that particular: *Held*, that the application for leave to amend was an ex parte one, which no creditor had any right to oppose.

[Cited in Re Blaisdell, Case No. 1,488; Re Heller, Id. 6,339.]

2. The allowance of such an amendment could not conclude any creditor from availing himself of any ground of opposition to the discharge which he would have had if the amendment had not been allowed.

[Cited in Re Heller, Case No. 6,339.]

In this case, during the examination of the bankrupt [Henry H. Watts] before the register, evidence was given of a lease, of which it appeared that he was the owner, and which had not been mentioned in the schedules attached to the bankrupt's petition. The bankrupt thereupon applied to the register, on a petition excusing the omission, for leave to amend his schedules, by inserting the lease as a part of his assets. The creditors opposed the application, on the ground that they proposed to avail themselves of the omission, as a ground of opposing the bankrupt's discharge. The register, doubting whether the application was, in fact, an ex parte application, on which he could properly pass, certified the question to the court.

By I. T. WILLIAMS, Register:

[I hereby certify, that in the course of the proceedings in said cause before me, the following question arose pertinent to the said proceedings: Mr. Edwin James appeared for the bankrupt, and Mr. Joseph Gutman appeared for Messrs. Vetterlein & Sons, creditors of the said bankrupt. The bankrupt applies for leave to amend his said schedules by setting

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

forth a certain lease of which he was owner at the time of filing his petition. The attorney for creditors, Mr. Gutman, appears and objects to the allowance of said amendment. The facts, as they appeared before me, are as follows: The creditors aforesaid entered upon an examination of the bankrupt before me, in the course of which the lease in question appeared to be the property of the bankrupt, and to be of very considerable value. I was about making an order allowing the amendment, but without prejudice to the right of the creditor to oppose the discharge upon the ground of its omission from the original schedules, when it occurred to me that my order might be in contravention of the provisions of the fourth section of the act [of 1867 (14 Stat. 519)], and that I ought to certify the question to the court. The doubt I have is, whether it is, notwithstanding the opposition of the creditors, in fact an ex parte application, and hence one upon which a register may pass. It is clear that if a creditor has such a standing in the court that he may in all cases interpose objections to the acts of the register, he may thereby render the powers of the register utterly nugatory and unavailing. It would seem to be only in those cases where an "issue" such as the law recognizes as "an issue of fact and law" is raised and contested, that the register is required to trouble the judge and put the parties to the expense of certifying the matter to the court. Your honor's decision of the point is respectfully solicited.] [2]

BLATCHFORD, District Judge. Under section 26, and general order number 7, the register has power, under general order number 5, to allow a petitioning bankrupt to amend his schedules, on complying with general order number 33. The application is an ex parte one, of which no notice is necessary. No creditor has a right to oppose any such application, and, therefore, no issue of fact or law, within section 4, can be raised or contested in regard to it, to be decided by the judge. If a register improperly refuses an application to amend, the bankrupt can, under section 6, take the opinion of the judge, on a certificate from the register, on the question.

In this case, the allowance of the amendment cannot in any manner prejudice the right of the creditors to oppose the discharge of the bankrupt for his having omitted the matter in question from his original schedules. The order of the register, allowing the amendment, in no manner concludes the creditor on the point, as the creditor is no party to the proceeding, so as to be estopped by the order from availing himself of any ground of opposition to a discharge which he would have had in the absence of the order. Still, if the case be a proper one for allowing the amendment in question, it is proper for the register to allow it, in terms, without prejudice to the right of

the creditor to oppose the discharge upon the ground of the omission of the matter from the original schedules.